UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT LEE CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:07-CV-222 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 and 19]. Plaintiff Robert Lee Caldwell seeks judicial review of the decision of the Administrative Law Judge, the final decision of defendant Commissioner.

**I.    Background**

Plaintiff Robert Lee Caldwell ("plaintiff") was the recipient of Supplemental Security Income ("SSI") from February 1, 2004 until those benefits were terminated in August 2004 (Tr. 35-46). On July 8, 2004, the Social Security Administration ("SSA") notified plaintiff that his benefits were being terminated effective August 2004 because he was "fleeing" to avoid "trial on a criminal charge of a felony" (Tr. 46). The agency's determination was based upon the determination that "[a] warrant for your arrest was issued on April 23, 2003." (Tr. 46). Pursuant to this decision, not only

were plaintiff's benefits terminated going forward, but he was also directed to repay $3,384.00 in benefits received from February 2004 through July 2004 (Tr. 49).

Plaintiff unsuccessfully appealed this determination, after which he requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 67). On February 21, 2006, plaintiff appeared before ALJ Robert L. Erwin, with testimony being offered by plaintiff (Tr. 19-34). In a written decision issued June 14, 2006, the ALJ determined that plaintiff's disability benefits had been properly terminated based on plaintiff meeting "the definition of fleeing felon" (Tr. 11). On April 5, 2007, the Appeals Council denied plaintiff's request for review (Tr. 3-6), and the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## II.     ALJ Findings

The ALJ made the following findings:

1. The claimant is a fleeing felon as defined by the Social Security Act and cannot be awarded benefits.

2. He intentionally fled prosecution.

3. He is not without fault in incurring the overpayment.

4. The overpayment cannot be waived.

(Tr. 12-13).

## III.    Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of

Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## IV. Arguments

On appeal, neither party disputes that a fleeing felon is not entitled to receive social security benefits. The issue presented for appeal is, therefore, whether or not plaintiff is a fleeing felon. Plaintiff argues that he had no knowledge of the outstanding warrant until he was notified by the SSA of the warrant's existence. Thus, he contends he did not flee California to avoid prosecution, rather, he came to Tennessee because he learned the two individuals involved in the criminal matter in California were threatening him and he feared for his safety; and furthermore, his sister lives in Tennessee and having no family in California, he saw little reason to stay. He further argues he has tried to resolve the outstanding warrant by contacting the California authorities, only to be advised he needs to personally appear in court in San Bernardino County in order to resolve the warrant. Plaintiff contends he is financially and medically unable to return to California. [Doc. 12]

The Commissioner contends that substantial evidence supports the ALJ's decision regarding

the issues presented on appeal. The Commissioner argues that neither the statute nor the regulations require a claimant intend to flee prosecution in order to be declared ineligible for SSI benefits as a fleeing felon. Alternatively, the Commissioner contends that if intent were required, there is ample evidence supporting the ALJ's finding that plaintiff was aware that he had been involved in a crime and that he ultimately would be wanted by law enforcement authorities in connection with that crime. [Doc. 19].

Federal law defines the eligibility requirements to receive disability payments under the Social Security Act ("the Act"). Under the Act, SSI benefits may be available to individuals who are 65 and over, or blind, or disabled, but who do not have insured statue under the Act. 42 U.S.C. § 1382(a). The provision pursuant to which plaintiff was denied benefits, enacted as part of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, provides in relevant part:

> (4)(A) No person shall be considered an eligible individual ... with respect to any month if during such month the person is -
>
> (I) fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony...

42 U.S.C. § 1382(e)(4)(A).

The related regulation states that if a person is ineligible for SSI benefits for fleeing to avoid prosecution for a felony, the suspension is effective on the first date of the earlier of:

> The month in which a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other appropriate tribunal (*e.g.*, a parole board), or similar order is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual is fleeing, or has fled, to avoid prosecution ... or the first month during which the individual fled, if indicated in a warrant, order, or a decision by a court or other appropriate tribunal.

4

20 C.F.R. § 416.1339(b)(1)(I)-(II).

The Commissioner has interpreted these provisions to require the termination of disability benefits whenever an arrest warrant is issued for a recipient, even in the absence of evidence that the individual was aware of the warrant's existence or acted to avoid prosecution. See Nonpayment of Benefits to Fugitive Felons and Probation or Parole Violators, 70 FR 72411 (Soc. Sec., Dec. 5, 2005) ("[w]e interpret the statutory term 'fleeing to avoid' prosecution, or custody or confinement, to mean that a person has an outstanding warrant for his or her arrest;" thus "a person is a fugitive felon when an outstanding felony warrant for the person's arrest exists, even if that person is unaware that an outstanding warrant exists"); Social Security Program Operations Manual System (POMS) SI 00530.010 ("the warrant does not have to state that the individual is 'fleeing' for the suspension to apply"); 20 C.F.R. § 416.1339(b); Social Security Program Operations Manual System (POMS) SI 00530.030 ("although the warrant may not specifically state that the individual is a fugitive, or that the individual is fleeing, SSA still considers the individual to meet the ineligibility criteria ... until the warrant is resolved."). Thus, defendant Commissioner argues that the "existence of the California felony warrant made plaintiff ineligible to receive SSI benefits." [Doc. 19 at 11].

A court must give substantial deference to an agency's interpretation of its own regulations and must defer unless the interpretation is "plainly erroneous or inconsistent with the regulation." Battle Creek Health System v. Leavitt, 498 F.3d 401, 409 (6th Cir. 2007) (quoting Thomas Jefferson Univ. v. Shalala, 514 U.S. 504, 512 (1994).

The regulation at issue in this case, 20 C.F.R. § 416.1339(b)(1)(I), quoted in full above, states that a person is ineligible from the month in which a warrant for the individual's arrest is issued by a court on the basis of an appropriate finding that the individual is fleeing to avoid

5

prosecution. Yet, under the Commissioner's interpretation, as explained in the POMS, the language requiring a court finding as to flight is superfluous. The Commissioner argues that if a warrant is issued, the person is a fleeing felon under the statute and remains so until the warrant is resolved. This, however, is not what the regulation provides. The regulation requires a court finding that the person is fleeing. Accordingly, the Court need not defer to an agency interpretation of a provision or a word which is contrary to its ordinary meaning nor must deference be accorded to an interpretation of a provision which renders portions superfluous. See United States v. Perry, 360 F.3d 519, 537 (6th Cir. 2004) (a statute may not be interpreted in a manner that renders superfluous any portion thereof) (citations omitted).

The Court further notes that the statute does not have a clear definition of the terms "fleeing felon." However, the Sixth Circuit has interpreted 18 U.S.C. § 3290, which provides that no statute of limitations shall extent to any person fleeing from justice, but also fails to give a definition of the term "fleeing." Under Sixth Circuit jurisprudence, for the tolling effect of § 3290 to be used, the "government must prove that the defendant concealed himself with the intent to avoid prosecution." United States v. Pryor, No. 99-2344, 19 Fed.Appx. 234, at *237 (6th Cir. Aug. 29 2001) (quoting United States v. Greever, 134 F.3d 777, 780 (6th Cir. 1998)). In Greever, the Court held that a defendant's intent to avoid prosecution "can be inferred from the defendant's knowledge that he was wanted and his subsequent failure to submit to an arrest." 134 F.3d at 780. In so holding, the Court relied on the following findings made by the district court: (1) the defendant has concealed himself; (2) the government had searched for defendant to no avail; (3) the defendant lied to officers about his identity at a bar; (4) the defendant had stated that he had not renewed his driver's license or held a job for fear that the agents would be able to find him; (5) the defendant had admitted to officers

6

that he had been playing a game of cat and mouse with them." Id.

The Sixth Circuit's analysis of the tolling statute lends itself applicable in this situation. Unlike the defendant in Greever, plaintiff did not leave California aware of the outstanding warrant, nor did he attempt to conceal himself from the authorities in any manner. There is no evidence in this case that the local authorities in San Bernardino County searched for plaintiff, but were unable to locate him in light of his fleeing the jurisdiction. On the contrary, plaintiff was questioned by the police in connection to the events on March 20, 2003 while he was still in the hospital (Tr. 88). Although defendant Commissioner argues plaintiff "released himself from the hospital" (Tr. 89), plaintiff's testimony revealed that he stayed at a clinic overnight and then was given a bus pass to return to Riverside, California, about 100 miles away (Tr. 27-28). Plaintiff testified it was the clinic's policy to provide a bus pass to homeless patients upon their leaving (Id.). Moreover, he was given no indication by the police to stay locally in San Bernardino County when interviewed on March 21, 2003 by Officer Mason, even though Officer Mason questioned him about the events of March 20, 2003, which ultimately resulted in the police securing a warrant for plaintiff's arrest. Furthermore, plaintiff testified he remained in California until May 2003 without any knowledge of an arrest warrant. And even after plaintiff had knowledge of an outstanding warrant, he made it clear he would return to California, but requested help in doing so (Tr. 73-74). Under these circumstances, there is simply not enough evidence to support the conclusion plaintiff was fleeing California to avoid prosecution.

Furthermore, this Court has reviewed Blakely v. Comm'r of Soc. Sec., 330 F.Supp.2d 910, 914 (W.D. Mich. 2004) and agrees with Judge McKeague's finding "that a meaningful distinction exists between one who has left but declines to return and one who has left a state, without any

7

knowledge of outstanding charges, volunteers to return but is physically and financially unable to do so without the government's help." In this case, plaintiff has shown his willingness to resolve the matter, but has been told the only way to resolve it is to return to California and appear before a judge (Tr. 31). Plaintiff has further shown he is unable to travel to California due to his disability, which requires him to use oxygen all the time (Tr. 30). Plaintiff testified a bus ride to California from Tennessee would take about three days, which would require around eighteen oxygen tanks for the bus trip out there (Tr. 32). "While opposition to extradition or even the situation in which an individual is not faced with the same level of hardship as plaintiff faces here and such individual is able but unwilling to return to the state in which there is an outstanding charge may support a finding of fleeing to avoid prosecution," the Court does not find that based on these facts, substantial evidence supports the ALJ's determination that plaintiff was fleeing California with the intent to avoid prosecution.

**IV.    Conclusion**

For the reasons stated herein, it is hereby **RECOMMENDED**[1] that plaintiff's Motion For Summary Judgment [Doc. 11] be **GRANTED** and the Commissioner's Motion for Summary Judgment [Doc. 18] be **DENIED**.  Accordingly, this Court recommends that the Commissioner's decision be reversed, and on remand, benefits should be awarded.

                                       Respectfully submitted,

                                       s/ H. Bruce Guyton
                                     United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).